Jeannine K. LARIMER and James
Larimer, Plaintiffs–
Appellants,

v.

DAYTON HUDSON CORPORATION and
Target Stores, Defendants–Appellees.

No. 97–2127.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 8, 1998.

Decided Feb. 24, 1998.

Rehearing and Suggestion for Rehearing
En Banc Denied May 5, 1998.

Kenan J. Kersten (argued), Kersten & McKinnon, Milwaukee, WI, for Plaintiffs–Appellants.

John M. Loomis, Katherine L. Williams (argued), Beck, Chaet, Loomis, Molony & Bamberger, Milwaukee, WI, for Defendants–Appellees.

Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Jeannine Larimer appeals from the judgment of the district court granting summary judgment in favor of Dayton Hudson Corporation, the owner of Target Stores, her employer. In her complaint, she alleged that Target failed to promote her on numerous occasions in violation of the Age Discrimination in Employment Act[1] and Title VII of the Civil Rights Act.[2] She also brought a state law claim for breach of contract. In addition, Mrs. Larimer's husband, James, brought a state law loss of consortium claim based on all of his wife's claims against Target. We believe the district court correctly determined that summary judgment was appropriate for the discrimination claims and, accordingly, affirm the judgment of the district court with respect to those determinations. However, on the record now before us, we believe that a genuine issue of material fact exists with respect to Mrs. Larimer's state law contract claim. Accordingly, we remand that claim to the district court for further proceedings.

## I

### BACKGROUND

A. *Facts*

Mrs. Larimer has been an employee of Target since August 1978. She began as a

---

1. *See* 29 U.S.C. §§ 621–634.

2. *See* 42 U.S.C. §§ 2000e–2000e–17.

department manager in training and two months later became a department manager. In May 1987, she became an area manager. In December 1988, she became an area manager in Wisconsin and has held that title at three different Target locations in Wisconsin. All of these stores are located within one district of the corporation. That district has a total of fourteen stores.

Target uses the following five criteria to promote an employee to an executive level: (1) satisfactory or better performance; (2) strong communication skills; (3) outstanding customer service; (4) the ability to attain assistant store manager level; and (5) a college degree or other education (preferred but not required). The record contains no explanation as to how Target's promotion system works or who makes final decisions with respect to promotions to the executive level.

In the district court, Mrs. Larimer contended that Target failed to promote her because of her sex and age. She claimed that she had been passed over for promotion twenty times since March 1989 and that at all times the positions had been filled with men or younger women who had scored lower in performance evaluations and had less experience than she. In presenting her case, she relied upon both direct and indirect evidence of discrimination. Her direct evidence of age and sex discrimination included a statement made by one of her store managers to the effect that she needed to be "more perky" and "have a bounce in [her] step." R.31 at 6. This statement was made in the context of the September 19, 1990 promotion of another female employee in her twenties to Customer Service Manager. Mrs. Larimer contends that this characterization was a sexual stereotype and also demonstrates age bias. She relies, as well, upon an April 1992 incident when the district manager told her she would never be anything other than an area manager because she had "no young, fresh ideas." R.22, Ex. 1 at 5. The district manager also said, "I am not saying you are old but your ideas won't be fresh." *Id.*

**B.** *Decision of the District Court*

The district court rejected Mrs. Larimer's arguments and granted Target summary judgment. With respect to the first comment, the court pointed out that the allegation of sex discrimination failed because the successful candidate was a woman. With respect to age discrimination, the court pointed out that, at the time of the promotion in question, Mrs. Larimer was not in the protected category because she was not yet 40 years old.[3] Additionally, noted the court, "perkiness" does not necessarily imply femininity or youth nor does the statement regarding "young, fresh ideas" refer to age.

The district court then turned to Mrs. Larimer's attempt to prove discrimination through the indirect burden-shifting method. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As an initial matter, the district court noted that the complaint made it difficult to discern the specific promotions that allegedly had been denied, the qualifications for those promotions or the identity of the person who was actually promoted to them. However, the district court found it unnecessary to wrestle with these initial difficulties because it was possible to decide the motion by focusing on whether Target had a legitimate reason for not promoting Mrs. Larimer. The court determined that the unrebutted evidence showed that Target had determined that Mrs. Larimer did not have the qualifications for promotion to the management level that she sought. The company had documented performance problems including a lack of commitment, enthusiasm, sense of urgency and upward mobility. Target also noted her failure to pursue higher education and problems in dealing with subordinates. In the view of the district court, Mrs. Larimer's response was simply that she was generally qualified for the promotions that she sought; moreover, she did not discuss any of the specific developmental needs consistently noted in her performance evaluations. The court held that her conclusory statements that she was qualified for promotion were

---

**3.** This incident occurred in September 1990. At that time, Mrs. Larimer was 39 years old. She turned 40 on January 26, 1991.

insufficient to create an issue of fact. It also noted that a company must be allowed discretion to make business decisions. Here, the evaluations identified, on a continuing basis, areas in which Mrs. Larimer needed to improve and about which she offered no dispute. Consequently, the court concluded, she had failed to establish sufficient facts to conclude that Target's stated reasons for refusing to promote her were pretextual. The district court further concluded, without extensive discussion, that Mrs. Larimer had not established the requisite elements of an actionable claim for breach of contract under Wisconsin law.

## II

## DISCUSSION

The applicable standard for evaluating the district court's grant of summary judgment is well established. We conduct plenary review of a district court's entry of summary judgment. *See Bahl v. Royal Indem. Co.*, 115 F.3d 1283, 1289 (7th Cir.1997). However, we are obliged to review the record in the light most favorable to the non-moving party and to draw all reasonable inferences in that party's favor. *See id.* We shall uphold a grant of summary judgment only when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). " 'This standard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues.' " *Sample v. Aldi Inc.*, 61 F.3d 544, 547 (7th Cir.1995) (quoting *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1038 (7th Cir.1993)). Nonetheless, "[i]f the non-moving party bears the burden of proof on an issue, ... that party may not rest on

the pleadings and must instead show that there is a genuine issue of material fact." *Id.* In this case, Mrs. Larimer asserts that there are genuine issues of fact precluding summary judgment on her age and sex discrimination claims as well as her state law breach of contract claim.

### A.

We turn first to the district court's disposition of the federal discrimination claims. With respect to Mrs. Larimer's evidence of direct discrimination, we agree with the district court that the evidence is insufficient to sustain a jury verdict. Mrs. Larimer first contends that several remarks made by her store manager in connection with the promotion of a younger female in September 1990 constitute sufficient evidence of age and sex discrimination to withstand summary judgment. The store manager explained to Mrs. Larimer that she was not promoted because she was not "perky" and did not have a "bounce" in her step. As an initial matter, we note that this incident does little to support Mrs. Larimer's claim of sex discrimination because the employee promoted was a woman. Similarly, with respect to Mrs. Larimer's age discrimination claim, we note that, at the time of this incident, Mrs. Larimer was not yet protected by the ADEA because she was 39 years old. Moreover, we agree with the district court that the remarks attributed to her store manager are not sufficient evidence of either age or sex discrimination. Mrs. Larimer next relies on an April 1992 incident when the district manager told her that she would not be promoted above the position of area manager because she had "no young, fresh ideas." Again, we agree with the district court that this statement does not necessarily refer to age. Indeed, common experience suggests that one's age has no necessary correlation to whether or not one's ideas are "young" or "fresh".[4]

---

4. Mrs. Larimer also points to other remarks by her supervisors and other Target executives as evidence of age discrimination. However, she provides no evidence linking those remarks to Target's decision not to promote her above the area manager position. It is well established that "statements by nondecisionmakers, or statements by decisionmakers unrelated to the deci-

sional process itself," are insufficient to satisfy a plaintiff's burden of proof in an employment discrimination case. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277, 109 S.Ct. 1775, 1804–05, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring); *see also Smith v. Firestone Tire & Rubber Co.*, 875 F.2d 1325, 1330 (7th Cir.1989) (even when remarks are made by a decisionmaker,

■ We also believe that the district court correctly held that Mrs. Larimer had not established a genuine issue of triable fact under the indirect method of proof. The district court was correct in determining that Target had proffered a nondiscriminatory reason for its decision not to promote Mrs. Larimer beyond the position of area manager. In this regard, we think it is important to emphasize that Mrs. Larimer had enjoyed a long and successful career with Target; she had risen to a position of significant responsibility. At this stage of career development, however, company officials had to make a decision as to who ought to progress into a much more selective echelon of authority and responsibility, and the standards for such a progression were far more demanding than those for the lower steps that Mrs. Larimer had traversed. Target's decision, supported by its evaluation of Mrs. Larimer's employment history, its successes and its shortcomings, was adequate to establish that Target had a good faith belief that it ought not invite her to progress beyond her present level of responsibility. The company clearly had documented several performance problems. Mrs. Larimer did not discuss any of the specific developmental needs consistently noted in her performance evaluations, but instead simply asserted that she was generally qualified for the promotions that she sought. *See Sirvidas v. Commonwealth Edison Co.*, 60 F.3d 375, 378 (7th Cir.1995) ("[G]eneral averments of adequate performance by [plaintiff] or a co-worker are ordinarily insufficient to create a factual issue on summary judgment; rather [plaintiff] must specifically refute the facts which allegedly support the employer's claim of deficient performance.").

■ In addition, the proffered opinion evidence of Rick Bauman, a business psychologist, who reviewed various documents and opined that Mrs. Larimer appeared more qualified than a number of the others, simply second-guessed the decision of Target management and invited the court to assume the role of a super-personnel board, a role our

case law makes clear is inappropriate. *See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 287 (7th Cir.1997). Her evaluations identified, on a continuing basis, areas in which Mrs. Larimer needed to improve and about which she offered no specific factual dispute. Consequently, Mrs. Larimer has failed to offer sufficient facts to permit a jury to conclude that Target's stated reasons for refusing to promote her were pretextual.

### B.

■ We turn now to the contract claim. This claim is grounded not in federal but in state law. We have jurisdiction based on the diversity of the citizenship of the parties.

■ In our view, the record before us will not support the grant of summary judgment. Under Wisconsin law, although at-will employees such as Mrs. Larimer may be discharged for any reason, an employer is still responsible for the promises made to the at-will employee. *See Reimer v. Badger Wholesale Co.*, 147 Wis.2d 389, 433 N.W.2d 592, 594 (1988). In paragraph 24 of her complaint, Mrs. Larimer alleged that, in July 1991, while she was an employee of the Target store in Wausau, Wisconsin, a Target district manager advised her that she could not be promoted or even moved laterally within the Target management structure without relocating to Appleton, Wisconsin, to assist in the opening of a new store. The manager advised her that, if she would move to Appleton, she would be trained as a personnel manager. She further alleged that, in reliance on this promise, she had relocated to Appleton. The complaint goes on to allege, in the subsequent paragraph, that Target did not provide that training. As Target admitted in its brief in support of summary judgment in the district court, this averment constitutes an allegation that a specific promise was made to Mrs. Larimer that she would be trained as a personnel manager in Appleton. *See* R.17 at 26.

When viewed in its entirety, the material submitted by Mrs. Larimer in opposition to

unless they are related to the specific employment action at issue they do not demonstrate

illegitimate criteria).

Target's motion for summary judgment supports the allegation of her complaint. In her deposition, she stated that she "was asked to move to the Appleton store with the promise of being trained as a team personnel manager." R.22 at 28. She further testified that the purpose of this training was to allow her to make sure that she would like the work before she took the position. *See id.* at 29. She was told, she testified, that she would "have a chance to go to another new store when they opened as a personnel manager." *Id.* When she arrived at Appleton, the personnel manager at Appleton knew nothing of this arrangement. *See id.* at 29–30.

■■■■■ A contract between an employer and employee must, of course, meet the basic requirements of an enforceable contract—offer, acceptance and consideration. *See NBZ, Inc. v. Pilarski,* 185 Wis.2d 827, 520 N.W.2d 93, 96 (1994). In order for there to be an oral contract, there must also be a definite and certain promise that produces a meeting of the minds with respect to its essential terms. *See Witt v. Realist, Inc.,* 18 Wis.2d 282, 118 N.W.2d 85, 93 (1962); *see also Ziolkowski v. Caterpillar, Inc.,* 800 F.Supp. 767, 779 (E.D.Wis.1992) (applying Wisconsin law).

Read in the light most favorable to Mrs. Larimer, the record before us could sustain the view that an offer was made to her and that she accepted that offer. We also believe that, on the record before us, a jury might conclude that there was an adequate showing of consideration. In return for the opportunity to train as a personnel manager, Mrs. Larimer moved to Appleton at significant personal expense and deprivation, including separation from her family and the expense of maintaining two family households for a

significant period of time. *See Reimer,* 433 N.W.2d at 594; *accord Sea–Land Serv., Inc. v. O'Neal,* 224 Va. 343, 297 S.E.2d 647, 650 (1982) (employee's resignation of current position in reliance on employer's promise of new position in same company was sufficient consideration to support enforceable contract).[5] On this record, the contract also appears to be sufficiently definite and certain. Although Target appears to have retained the option of not appointing Mrs. Larimer to the position of personnel manager, it did, according to her testimony, undertake to train her for such a position before it made that decision.

It may well be that further augmentation of the record will allow the district court to reassess the appropriateness of summary judgment. Moreover, a trier of fact might decide that Mrs. Larimer's characterization of the record is not correct. At this stage of the litigation, however, we are confined to the record before us.[6]

### Conclusion

Accordingly, the judgment of the district court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.[7] The parties will bear their own costs on appeal.

AFFIRMED in part, REVERSED and REMANDED in part.

---

**5.** *Cf. O'Neill v. ARA Serv., Inc.,* 457 F.Supp. 182, 185 (E.D.Pa.1978) (trier of fact could find that enforceable contract existed where employee left former employment and worked for employer for two years in reliance on employer's promise that he would be transferred to management position after two years); *Larson v. Kreiser's, Inc.,* 427 N.W.2d 833, 833–34 (S.D.1988) (trier of fact could find that enforceable contract existed where employee accepted employment because of employer's promise that he would eventually become president of company).

**6.** We note that the record, as presently constituted, contains only portions of the deposition of Mrs. Larimer's district manager, Katherine Kettner-Basne.

**7.** Because the district court dismissed Mrs. Larimer's state contract claim, it had no reason to address Mr. Larimer's loss of consortium claim to the extent that latter claim is derivative of the contract claim. This matter is open to the district court on remand. We express no opinion as to the legal or factual merits of that claim.