165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron B. SCRUGGS, Plaintiff-Appellant,
v.
Joseph M. SQUADRITO, et al., Defendants-Appellees.
 No. 97-1365.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1998*.
Decided Nov. 2, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 30, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. No. 1:95-cv-434. William C. Lee, Chief Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Aaron Scruggs, an Indiana state prisoner, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional right of access to the courts by denying him prompt access to legal materials, notary service, photocopying and staples. The district court granted summary judgment for the defendants. Scruggs appeals that order. We affirm.
 
 
 2
 Aaron Scruggs was incarcerated in the Allen County Confinement Center for various periods during 1995. He alleges that during his confinement, and specifically from October to December 1995, defendants denied or unreasonably delayed his access to requested law materials; refused to photocopy or notarize documents he filed or planned to file in Indiana state court; withheld staples from him; and prevented him from using tables in the jail's day room to prepare legal documents. Scruggs alleges that these actions prejudiced him both in criminal actions pending against him while he was incarcerated as well as in his pursuit of postconviction relief. The criminal cases were Cause No. 02D04-9510-DF-508 ("Case 508"), Cause No. 02D04-9510-DF-509 ("Case 509") and Cause No. 02D04-9601-DF-044 ("Case 044"). As for petitions for post conviction relief (the "petitions"), Scruggs alleges he filed petitions challenging his prior convictions for: (1) armed robbery (Petition 10730); (2) forgery (Petitions 11846, 12018 and 3158); (3) criminal deviate conduct (Petition 183); and (4) battery (Petition 1060).
 
 
 3
 Scruggs sought $495,000 in damages and declaratory relief. The district court granted the defendants' motion for summary judgment, finding that Scruggs failed to demonstrate that the defendants' actions prejudiced any of Scruggs' pending or contemplated proceedings and that, because he was represented by court-appointed counsel in the criminal proceedings pending against him during his incarceration, he had meaningful access to the courts in those cases. Scruggs argues that the district court erred in so ruling because the defendants' refusal to provide photocopying, notary service and staples substantially prejudiced the Indiana courts' consideration of the documents he filed in those courts, as well as his preparation of other documents he never actually filed, but planned to file, in Indiana state court. This court reviews the district court's grant of summary judgment de novo. Larimer v. Dayton Hudson Corp., 137 F.3d 497, 500 (7th Cir.1998). The facts are viewed in the light most favorable to the nonmovant, and all reasonable inferences are drawn in the nonmoving party's favor. Id . A district court must grant summary judgment where the record shows that "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant may not rely upon mere allegations, but must "present specific facts to show that a genuine issue of material fact exists." Gonzalez v. Ingersoll Milling Mach. Co., 133 F.2d 1025, 1031 (7th Cir.1998).
 
 
 4
 It is well-established that prisoners have a constitutional right under the First Amendment to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); Alston v. DeBruyn, 13 F.3d 1036, 1040 (7th Cir.1994). Prison authorities are required "to assist inmates in the preparation and filing of meaningful legal papers." DeBruyn, 13 F.3d at 1041. They may satisfy this constitutional duty by providing inmates either with access to adequate law libraries or adequate assistance from "trained legal personnel." Id. To state a claim for denial of access to the courts, a plaintiff must not only show that prison authorities failed to provide such access or assistance, but that the failure "hindered [the plaintiff's] efforts to pursue a legal claim." Lewis, 518 U.S. at 351.
 
 
 5
 Scruggs contends that, as to the criminal proceedings pending against him, he was unable to file meritorious papers in cases 508, 509 and 044, such as motions to dismiss the indictment, because the defendants withheld case law he requested. Even if the alleged withholding were true, it would be of no consequence because Scruggs was represented by court-appointed counsel in all three cases (508, 509 and 044). By appointing counsel to defend Scruggs in these proceedings, the state satisfied its obligation under Bounds to give Scruggs meaningful access to the courts. Bounds, 430 U.S. at 828; see also DeMallory v. Cullen, 855 F.2d 442, 446 (7th Cir.1988) (noting that prison officials must provide inmates with either adequate law libraries or personal assistance of legally trained personnel, but need not provide both); United States ex rel. George v. Lane, 718 F.2d 226, 230 (7th Cir.1983) (same).
 
 
 6
 In a fruitless attempt to circumvent the district court's holding that representation by counsel gave Scruggs meaningful access, Scruggs argues that his court-appointed counsel was ineffective. This argument merits little discussion because the state satisfied its obligation to provide Scruggs meaningful access in cases 508, 509 and 044 by providing him with counsel at government expense. The alleged ineffectiveness of that counsel is irrelevant to the issues presented here.
 
 
 7
 Scruggs cannot prevail on his claims as to the petitions for postconviction relief 1060, 10730, 11846, 3158, 12018 and 183 because he has not pointed to an actual injury resulting from the defendants' refusal to provide notary service, photocopies and staples. In particular, Scruggs has failed to demonstrate that the Indiana courts would have granted him postconviction relief had he filed notarized, stapled and copied petitions. And there is no merit to Scruggs' complaint that he endured a four-month delay in the court's consideration of Petition 1060 because defendants refused to notarize it. See Gentry v. Duckworth, 65 F.3d 555, 559 (7th Cir.1995) (delay is insufficient to state a claim for denial of access; the plaintiff must show "actual substantial prejudice to specific litigation"). Nor do we discern any merit to Scruggs' argument that he was unable to properly file Petition 10730 because the defendants failed to provide him with the Indiana postconviction rules. Scruggs simply has not shown that, had he had access to those rules, the disposition of Petition 10730 would have been more favorable. See Hossman v. Spradlin, 812 F.2d 1019, 1022 (7th Cir.1987) (noting that to survive summary judgment on a denial of access claim, the plaintiff "should have stated with specificity exactly what materials he was deprived of and how such deprivation resulted in his being denied meaningful access to the courts").
 
 
 8
 Scruggs' contention that the defendants wrongfully barred him from using the day room table for legal work likewise fails for lack of evidence of actual injury. Scruggs did not identify what he was working on when defendant Wigent allegedly directed him to move his legal papers from the day room table. While there is a factual dispute as to whether the defendants precluded Scruggs from using the day room tables entirely, or simply directed him to restrict his use of the tables to accommodate other inmates, this distinction is not material, because Scruggs has not shown prejudice with respect to any document at issue in this appeal.
 
 
 9
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(e); Cir. R. 34(f)