**In the Matter of the Petition of Lisa M. STRAHLE, as Owner of Vessels 1995 Polaris PLE5301E595 and 1994 Polaris PLEE00427L394, for Exoneration from or Limitation of Liability, Petitioner.**

No. 4:03CV007.

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 24, 2003.

Jeremy A. Klotz, Richard A. Smikle, Ice Miller, Indianapolis, IN, Steven Goldman, Goldman and Hellman, Fort Lauderdale, FL, for Petitioner.

Bryan L. Ciyou, Ciyou & Dixon PC, Indianapolis, IN, Alan D. Wilson, McGarvey Trauring & Wilson, Kokomo, IN, Trenten D. Klingerman, William E. Emerick, Stuart & Branigin LLP, Lafayette, IN, for Claimant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the Court on Petitioner's, Lisa M. Strahle, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and 46 U.S.C. Section 183 et seq. Petitioner moves this Court for summary judgment on the issue of Petitioner's liability for the alleged wrongful death of Decedent Tyler Ellsworth. Respondents, Barbara J. Lumley and Robert R. Ellsworth, filed an opposition to Petitioner's motion for summary judgment and cross motion for summary judgment. This Court heard oral argument in this matter on October 6, 2003 in open court in Lafayette, Indiana.

### I. Background

This action arises out of an accident in which Tyler Ellsworth was stuck and killed by a Polaris water craft, Jet Ski, operated by Brian W. Wolfe on the Wabash River, Flint Creek, along the Tippecanoe and Fountain County Line in Indiana. The Plaintiff, Barbara J. Lumley, as natural mother and custodial parent of Tyler Ellsworth, initiated a wrongful death action against Petitioner, Lisa M. Strahle and Brian W. Wolfe in the Tippecanoe County Court on August 19, 2002. Mr. Ellsworth, Tyler Ellsworth's natural father, was named in the state court action pursuant to I.C. § 34–23–2–1 in order to protect his interests.

On or about October 11, 2002, Lisa M. Strahle ("Petitioner") filed a petition for Exoneration From or Limitation of Liability in the United States District Court for the Northern District of Indiana, Hammond Division at Lafayette. In the Petition, Lisa M. Strahle alleged that the incident occurred in or about the navigable waters of the United States bearing the requisite connection to maritime activity such that this Court has subject matter jurisdiction over the Petition. Respondents moved for dismissal based on lack of subject matter jurisdiction. In an Order dated, March 4, 2003, this Court held that the Wabash River is in fact a navigable waterway of the United States, and that the accident alleged by Plaintiff, which occurred on the Wabash River, was subject to this Court's admiralty jurisdiction.

Respondents, in a separate motion, claimed that because Petitioner may not seek the shelter of the Limitations Act for her own negligent conduct, that the Limitations Act does not provide this Court with subject matter jurisdiction over Ms. Lumley's negligent entrustment claim and again moved for dismissal for lack of subject matter jurisdiction. In an Order dated on or about September 19, 2003, this Court held that because this Court previously determined that the requisite elements of admiralty jurisdiction under 28 U.S.C. § 1333(1) had been satisfied, an independent analysis of the Limitations Act was not required, denying Respondents second motion to dismiss. Therefore, having established jurisdiction, the

Court will now address the issues raised in Petitioner's motion for summary judgment and Respondents' opposition to such motion and own cross motion for summary judgment.

## II. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir.1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir.1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding*

*v. Riegel*, 160 F.3d 1139 (7th Cir.1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir.1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir.1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir.1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252–55, 106 S.Ct. 2505. Applying the above standard this Court will now address the present motions for summary judgment.

## III. Discussion

 The Limitations Act, 46 U.S.C. Section 183, et seq., allows federal district courts to determine whether a shipowner's liability should be limited only if the putative liability is predicated upon an act not within the shipowner's "privity or knowledge." 46 U.S.C. Section 183(a). It is well settled that a shipowner remains liable for her own direct fault or neglect. *See, American Car & Foundry Co. v. Brassert*, 289 U.S. 261, 264, 53 S.Ct. 618, 77 L.Ed. 1162 (1933). In the context of a petition under the Limitations Act, "privity" of the owner means some fault or neglect in which the owner of the vessel personally participates. *Id.* "Knowledge" in this context means that the owner had personal knowledge or means of knowledge, of a condition that is likely to produce or contribute to a loss. *Id.*

Respondents argue that the Seventh Circuit has provided clear precedent that the Limitations Act does not provide Petitioner shelter in the present case. Respondents rely on *Joyce v. Joyce*, 975 F.2d 379 (7th Cir.1992). In this case it was

confirmed that the proper application of the Act was limited to cases in which the alleged activity causing damage or injury to the plaintiff was not within the privity or knowledge of the shipowner. *Id.* at 385. The Seventh Circuit held "if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the Act." *Id.* The Court in *Joyce* went on to hold:

> [i]f [William] knew or had reason to know that [John] should not have been entrusted with the boat, he not only committed the tort of negligent entrustment but also had either knowledge or constructive knowledge sufficient to place him beyond the protection of the Act. On the other hand, if [William] did not entrust the boat to [John] under circumstances which he knew or should have known of [John's] inability, he will incur no liability for negligent entrustment, and consequently, has no need for the Act's protections.

*Id.* at 385. The Respondents argue therefore, that because the claims alleged against Petitioner are based on acts within her privity or knowledge, under *Joyce*, the Act does not afford any protection to Petitioner under these circumstances, and that as a matter of law, Respondents are entitled to the entry of summary judgment on Petitioner's claim of relief under the Act.

On appeal, the Seventh Circuit in *Joyce* analyzed the phrase "privity or knowledge" as it pertains to the Limitations Act. The Court stated that Congress intended the principal beneficiaries of the Act to be innocent shipowners and investors who were sued for damages caused through no fault or neglect of their own. *Joyce* at 384. Owners however remain liable for their own fault, neglect and contracts. *Id.* This Court also stated that "in the case of individual owners, it has been commonly held or declared that privity as used in the statute means some personal participation of the owner in the fault or negligence

which caused or contributed to the loss or injury." *Id.,citing Coryell v. Phipps,* 317 U.S. 406, 411, 63 S.Ct. 291, 87 L.Ed. 363 (1943).

This Court views *Joyce* as distinguishable from the case at hand for two reasons. First, in this matter, two separate transfers of these vessels occurred. Petitioner's transfer to Martin and Martin's subsequent transfer to Wolfe. Therefore, there was a 'break in the chain', facts distinctly different from *Joyce*. *See, Exxon Co., U.S.A. v. Sofec, Inc.* 517 U.S. 830, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996). As stated, in the case of individual owners, it has been commonly held or declared that privity as used in the statute means some personal participation of the owner in the fault or negligence which caused or contributed to the loss or injury. *See, Joyce,* at 384. In the present case, two separate transfers of these vessels occurred unlike the one transfer in *Joyce*. Therefore, the issue of privity and knowledge with respect to the death of Tyler Ellsworth is firmly established by the facts here as distinctly different from *Joyce*. Secondly, unlike *Joyce*, this Court addressed whether 28 U.S.C. Section 1333(1) conferred admiralty jurisdiction over a petition for limitation of liability based on the death of Tyler Ellsworth on the navigable waters of the United States and found that admiralty jurisdiction applied in this matter. *See, In the Matter of Lisa M. Strahle,* 250 F.Supp.2d 997, 1002 (N.D.Ind.2003). This Court has accepted jurisdiction in admiralty over this matter and thus has the authority and duty to determine whether protection exists for Petitioner in this matter pursuant to the Limitations Act.

Respondents are seeking to hold Petitioner liable for her own alleged direct act of negligence and not for Wolfe's independent negligent act of operating a Waverunner while intoxicated or while uninformed

as to the proper operation of the Waverunner. Respondents claim that Petitioner negligently entrusted her vessels to Wolfe, and that therefore, she is liable. Petitioner argues that because she did not entrust her vessels to Wolfe at all, this claim is misplaced.

■■■ Under Indiana law, the elements of negligent entrustment are 1) an entrustment, 2) to an incapacitated person or one who is incapable of using due care, 3) with actual and specific knowledge that the person is incapacitated or incapable of using due care at the time of the entrustment, 4) proximate cause, and 5) damage. *Johnson v. Patterson*, 570 N.E.2d 93, 97 (Ind.Ct. App.1991). The Petitioner claims that the only entrustment that occurred on Petitioner's behalf was the entrustment of her vessels from herself to Martin—not Wolfe. Petitioner also argues that she had no knowledge of the fact, and did not expressly or impliedly consent to allow Martin to pass the vessels from his possession to the possession of Wolfe.

■■■ Respondents argue there exists a genuine issue regarding whether Martin, acting as Petitioner's agent, negligently entrusted her Waverunners to Wolfe. Resolution of this issue, according to Respondents, depends on whether Martin was acting with Petitioner's authority to enlist Wolfe to assist in selling Petitioner's Waverunners. Actual authority is created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account. *Menard, Inc. v. Dage–MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind.2000). In the present case, the Respondents argue that a triable issue of fact exists as to whether Martin acted with actual authority in entrusting the Waverunners to Wolfe. The Respondents go on to argue that a triable issue of fact exists regarding whether Wolfe believed Martin was acting within his authority in marketing the Waverunners. The Respondents allege that it is reasonable to infer that Wolfe believed Martin was acting on behalf of Petitioner in selling the Waverunners.

The focus of this authority contention seems to center on whether Petitioner specifically instructed Martin that she did not want any person to use the vessels. Petitioner claims she did in fact specifically instructed Martin that she did not want any person to use the vessels, however Martin does not recall this. However, via admissions, Martin admitted that he did not have permission to use the vessels and that he did not have permission to allow any other person to use them while Petitioner was gone. Therefore, regardless of whether Petitioner specifically instructed Martin that she did not want any person to use the vessels, Martin admittedly knew he did not have permission to do so. An absence of any such discussion does not make it so.

Furthermore, conversations of selling the vessels prior to this incident do not lead to an issue of material fact as to whether negligent entrustment on the part of the Petitioner exists. Petitioner entrusted the vessels to Martin in order for him to do general maintenance while she was away. The fact that Petitioner desired to 'get rid of' or sell her vessels in no way imputes authority to Martin or others to use that vessel for recreational purposes. Even if Petitioner knew that Wolfe was previously interested in buying the vessels, Petitioner did not know that while away on vacation, Wolfe had taken possession of her vessels, that Martin had relinquished possession of her vessels, nor is there any substantiated evidence that she authorized this change in possession. To the contrary, according to Petitioner, as well as admissions by Martin, Martin did

not have permission to allow any other person to operate the vessels while Petitioner was gone.

*Johnson v. Patterson*, 570 N.E.2d 93 (Ind.Ct.App.1991), is instructive on the issue of negligent entrustment in this case. In *Patterson*, the Court implied that an entrustment to one person does not carry over to a second person into whose hands the instrumentality falls without the entrustor's knowledge. In the absence of a showing of actual authority from Petitioner to Martin, it appears that Petitioner only entrusted her vessels to Martin. Martin's beliefs of what he could or could not do while Petitioner was away is not grounds that a material issue of fact exists in regard to authority and thereby alleged negligent entrustment on the part of the Petitioner. A determination of negligence must be based upon probable facts, not mere guess, conjecture, surmise, possibility or speculation. *Patterson*, at 97.

Therefore, this Court must determine whether negligent entrustment occurred as between Petitioner and Wolfe. Based on the evidence before this Court, it does not seem as though an entrustment occurred at all between Petitioner and Wolfe, let alone a negligent entrustment. However, more persuasive is the fact that Petitioner did not have actual and specific knowledge when she entrusted the vessels to Martin, that at the time of the alleged accident, Wolfe would operate her vessel while intoxicated, allegedly rendering him incapable of using due care at the time of the entrustment. *See, Frohardt v. Bassett*, 788 N.E.2d 462 (Ind.Ct.App.2003) [rental company and dealer did not have actual and immediate knowledge of alleged incompetency of driver who rented truck, and thus company and dealer could not be held liable for negligent entrustment]. Accordingly, this Court finds that the Respondents have raised no genuine issue of material fact as to their negligent entrust-

ment claim. As such, Respondents' negligent entrustment claim against Petitioner must fail, and Petitioner is therefore entitled to judgment as a matter of law.

## IV. Conclusion

It is this Court's understanding that claims against certain other parties regarding the death of Tyler Ellsworth remain in state court. However, this Court having accepted jurisdiction in admiralty over this matter and after extreme careful consideration of the motions before it, has the authority and duty to protect Petitioner pursuant to the Limitations Act. Having established that Petitioner is not liable for negligent entrustment, summary judgment is granted in favor of Petitioner on the issue of Petitioner's liability for the alleged wrongful death of Decedent, Tyler Ellsworth. Thereby, Petitioner is exonerated from all liability in this matter pursuant to her Petition for Exoneration from or Limitation of Liability. Each party to bear its own costs.

**IT IS SO ORDERED.**