Albert **JACOBS** and Nancy Jacobs, Plaintiffs,

v.

**OCWEN FEDERAL BANK, FSB, Defendant.**

No. 3:03 CV 427.

United States District Court, N.D. Indiana, South Bend Division.

April 2, 2004.

Donald E Wertheimer, South Bend, IN, for Plaintiffs.

Jennifer R Fitzwater, John S Mercer, Stephen M Koers, Wood Tuohy Gleason Mercer and Herrin, Indianapolis, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Judge.

Defendant, Ocwen Federal Bank, FSB, ("Ocwen"), has moved for summary judgment contending that the Plaintiffs', Albert and Nancy Jacobs, ("Plaintiffs") claims are barred by the applicable statutes of limitation.

### I. Background

On or about May 27, 1994, Plaintiffs executed a loan agreement and a mortgage in favor of Associates Financial Services Company of Indiana, Inc. ("Associates"). The Plaintiffs defaulted and in May 1999, Associates filed a foreclosure action against them. Ocwen purchased the Plaintiffs' loan from Associates on or about April 28, 2000. On or about March 31, 2000, Associates assigned the Plaintiffs' mortgage to Ocwen. Subsequently, the Plaintiffs' attorney wrote to Ocwen informing it of the foreclosure and counter-claim litigation issues. As a result, on or about May 9, 2000, Ocwen requested that Associates repurchase the loan. While Associates was considering the repurchase, Ocwen continued to service the loan and did so until Associates repurchased the loan on or about August 10, 2000. On August 17, 2000, Ocwen sent Plaintiffs a letter stating that effective September 1, 2000, Ocwen was assigning the loan back to Associates who would become the new

loan servicer. Ocwen subsequently prepared Internal Revenue Service ("IRS") Form 1099–C indicating a cancellation date of August 16, 2000. Ocwen sent the 1099 to the IRS and to the Plaintiffs on or before January 31, 2001, as required by the IRS.

Associates and the Plaintiffs eventually settled the foreclosure action and counterclaim pursuant to a Loan Modification Agreement on August 27, 2001, and a further Settlement Agreement and Release of September 5, 2001.

On September 9, 2002, the IRS sent the Plaintiffs a letter proposing changes to their 2000 Tax Return, based in part on the 1099 and in part on an unreported 1099–R Distribution from Fidelity Investments. On October 1, 2002, Plaintiffs officially notified the IRS of their disagreement with the IRS' proposed changes and filed their Statement of Taxpayers. After sending its September 9, 2002 letter to the Plaintiffs, the IRS notified Ocwen that the Social Security Number ("SSN") for Ms. Jacobs was missing. Ocwen was obligated to report this corrected SSN to the relevant credit bureaus and did so on January 24, 2003. Ocwen claims they provided no additional information regarding the loan at that time.

The Plaintiffs filed their Complaint on June 10, 2003. At a Pre–Trial Conference conducted by this Court on October 17, 2003, the Court ordered the Defendant to consider its statute of limitations Affirmative Defenses and file a motion for summary judgment by December 31, 2003, limited solely to the statute of limitations issues. Such is before this Court at present moment.

## II. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Bragg v. Navistar Int'l Trans. Corp.,* 164 F.3d 373 (7th Cir.1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.,* 137 F.3d 497 (7th Cir.1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel,* 160 F.3d 1139 (7th Cir.1998); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918 (7th Cir.1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.,* 60 F.3d 317, 320 (7th Cir.1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bom-*

bard v. Fort Wayne Newspapers, Inc., 92 F.3d 560 (7th Cir.1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson,* 477 U.S. at 252–55, 106 S.Ct. 2505. Applying the above standard this Court will now address Ocwen's motion for summary judgment.

## III. Discussion

### A. Count II and Count III[1]

In Count II, the Plaintiffs have alleged that Ocwen falsely reported a cancellation of debt by filing with the IRS the 1099 on or about September 2002. Further, they allege that Ocwen caused the IRS to send its notice of proposed changes, thereby causing additional tax, penalties, and interest. Specifically, Count II alleges that Plaintiffs suffered damages amounting to costs of resolving the deficiencies in the tax return.

Count III alleges that Ocwen filed false credit reports to a consumer reporting agency involving their loan, that Plaintiffs disputed the accuracy by notifying the consumer reporting agency, and that Ocwen failed to investigate and correct this dispute. As a result, Plaintiffs claim they were required to accept a higher interest rate when they refinanced their home.

Ocwen argues however that neither Count II nor Count III has merit due to the fact that Ocwen did not file a 1099 on or about September 2002, and did not report any false information to any credit reporting agency. Moreover, Ocwen argues that both alleged actions of Ocwen occurred greater than two years prior to Plaintiffs' filing of their Complaint. 15 U.S.C. Section 1681p states that:

> such actions may be brought in any appropriate United States District Court without regard to any amount in controversy, or in any other court of competent jurisdiction within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information is so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

Ocwen argues that it filed a 1099 on or about January 31, 2001 and that Plaintiffs were well aware of this 1099 before they were informed by the IRS on September 9, 2002. First, Ocwen claims they sent the letter directly to Plaintiffs on or about January 31, 2001. Second, the Plaintiffs' attorney sent a letter to Associates's attorney on May 14, 2001. Thus, Ocwen argues that Plaintiffs had full knowledge of the 1099 at the latest, on May 14, 2001. Ocwen contends that because the Plaintiffs were aware of the 1099 at some point between January 31, 2001 and May 14, 2001, they were required to commence their action within two years. 15 U.S.C. Section 1681p.

In regard to Count II, the Plaintiffs contend that the longer, six year limitations period contained in 26 U.S.C. Section 7434 should apply, by asserting that the issuance by Ocwen was fraudulent. However, the Plaintiffs have failed to designate any evidence whatsoever that Ocwen's 1099–C filing was anything other than an error or mistake. The most that the Plaintiffs have done is made an assertion that the filing was fraudulent. How-

---

1. Count I contains common allegations, which do not allege any specific violations which would require a ruling by this Court.

ever, without any designated evidence, their contention alone, that the six year limitations period should apply cannot be sustained.

The facts show that at the latest the Plaintiffs discovered the 1099 on May 14, 2001. It appears the Plaintiffs have delayed their filing beyond the normal limitations period and are attempting to circumvent that decision by claiming fraud. However, with nothing more than a mere allegation to back up such a claim, 26 U.S.C. Section 7434, cannot apply and therefore Count II is barred by 15 U.S.C. Section 1681p.

As to Count III, with respect to credit reporting agencies, Ocwen claims it made a total of three reports. The first was July 6, 2000 and the second was August 7, 2000. Ocwen claims these two reports were truthful reports concerning the status of the Plaintiffs' foreclosure action. Ocwen argues that regardless these two reports were well beyond two years prior to the filing of the Plaintiffs' Complaint. The third report was on January 24, 2003, and was a correction to the SSN of Ms. Jacobs. Ms. Jacobs provided her correct SSN to Ocwen, who in turn passed it onto the credit reporting agencies.

Ocwen argues that there is nothing false or adverse about any of these reports and therefore no cause of action accrued and Count III should be barred for failure to state a claim upon which relief can be granted. Further, Ocwen argues that the only reports that could even be the subject of question regarding truth or falsity would be the July 6, 2000 and August 7, 2000 reports, to which Plaintiffs would have been required to filed a Complaint at the latest by August 7, 2002 in order to meet the statute of limitations.

The Plaintiffs based their entire claim of Count III on the allegation that Ocwen provided a credit report to the credit reporting agencies on or about September 2002. However, Ocwen claims that it did not report any information to any credit reporting agencies on or about September 2002, and only made the three reports as noted above. The Plaintiffs allege that the credit reporting agency contacted Ocwen about the dispute, yet provide no evidence to support such an allegation. This is insufficient to challenge a motion for summary judgment.

According to Federal Rule of Civil Procedure 56(e), "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials...." In this matter, Ocwen, via an affidavit, has provided specific evidence that it did not provide any credit report on or about September 2002. Moreover, specific evidence has been put forth by Ocwen that it only provided three credit reports. The Plaintiffs, on the other hand, have failed to come forward with any evidence that shows Ocwen provided a credit report to the credit reporting agencies on or about September 2002, or that Ocwen received any notification of any incorrect information within the 2 year statute of limitations period.

The Plaintiffs further argue however, that because they did not incur any actual loss until August of 2002, when they incurred a higher interest rate, that their Complaint filed June 10, 2003 was timely. Through Plaintiffs' reliance on *Hyde v. Hibernia National Bank in Jefferson Parish,* 861 F.2d 446 (5th Cir.1988), such presupposes that Ocwen provided a credit report to credit reporting agencies that contained false information. However, the Plaintiffs still must present evidence that Ocwen was the responsible party for the credit report and if so that Ocwen's conduct somehow transcended the statute of limitations, which they have failed to do.

■ When a defendant raises the issue of the statute of limitations defense and puts evidence before the court to show that the action at issue took place outside the statute of limitations period, the burden is on the plaintiff to show that the acts occurred within the limitations period. *Konkle v. Henson,* 672 N.E.2d 450, 458 (Ind.App.1996), *citing Conard v. Waugh,* 474 N.E.2d 130, 134 (Ind.Ct.App.1985). While the Plaintiffs claim they did not appreciate any harm until August 2002, they still have not linked Ocwen as the responsible party for those alleged harms. Because there is no evidence that Ocwen sent adverse or false credit reports to any credit reporting agency after June 10, 2001, Count III is barred.

## B. Count IV and Count V

■ In Count IV of the Plaintiffs' Complaint, the Plaintiffs claim that Ocwen assumed duties from Associates and that Ocwen breached those duties by issuing the 1099 and providing false adverse credit reports to credit reporting agencies. Count V alleges that Ocwen's reporting to credit reporting agencies and filing the 1099 constituted "statements", all of which were false and defamatory. The torts of negligence and defamation are covered by Indiana's two year statute of limitations provision. I.C. Section 34–11–2–4.

As it pertains to Count IV of their Complaint, the Plaintiffs argue that the two year statute of limitations does not apply here because this is an action for breach of a mortgage contract. Specifically, they allege that the claim is one of breach of contract encompassing a ten year statute of limitations. I.C. Section 34–11–2–11. However, the Plaintiffs' claims in Count IV against Ocwen are grounded in the alleged negligent handling of reporting information, not in the terms of the mortgage itself. The Plaintiffs have not alleged a breach of any term of the mortgage contract and do not point to a specific provi-

sion that Ocwen allegedly breached. Therefore, the claim appears to be one of negligence rather than breach of contract.

The Plaintiffs rely on *INS Investigations Bureau Inc. v. Lee,* 709 N.E.2d 736, 743 (Ind.Ct.App.1999), in arguing that even if the Plaintiffs' claim is construed as pure negligence rather than breach of contract, it did not accrue until August 2002. However, the Plaintiffs knew or had reason to know of the filing of the 1099 at the latest on or about May 14, 2001. Furthermore, as stated, no evidence has been presented to allow this Court to conclude that any false or adverse reporting was committed by Ocwen. Therefore the question is not one of conflicting evidence where any doubt as to which statute applies must be resolved in favor of the longer limitations periods as advanced by the Plaintiffs. The Plaintiffs have not come forward with any evidence that Ocwen breached a contractual duty beyond the mere allegation that such occurred. Therefore, the two year statute of limitation applies to the Plaintiffs' claims contained in Count IV.

As to Count V, the Plaintiffs have once again failed to put forth any evidence to show that Ocwen made any false or adverse statements in regards to the credit reports. Because the Plaintiffs have failed to put forth any designated evidence showing that Ocwen performed a specific act that caused defamation to accrue within two years of the Complaint, Ocwen is entitled to summary judgment on Count V.

## IV. Conclusion

Based on the foregoing, the evidence presented by Ocwen establishes that Plaintiffs failed to timely file their Complaint. The Plaintiffs have neither presented evidence to support that their claims against Ocwen occurred within two years of June 10, 2003, nor that another limitations period is applicable to the circumstances of this matter. Therefore, because no specif-

ic facts have been set forth by the Plaintiffs showing the existence of a genuine issue of material fact, Ocwen's motion for summary judgment is **GRANTED**. Moreover, the motion to compel filed by Defendant, Ocwen, on or about January 12, 2003 is rendered **MOOT**.

**IT IS SO ORDERED.**