**Terri L. BRAGG, Plaintiff–Appellant,**

v.

**NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, Defendant–Appellee.**

No. 98–1686.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1998.

Decided Dec. 28, 1998.

Shawn D. Ramsey (argued), Anderson, IN, for Plaintiff–Appellant.

Rodney V. Taylor, Christopher & Taylor, Indianapolis, IN, David J. Parsons, Allison Despard (argued), Littler Mendelson, Chicago, IL, for Defendant–Appellee.

Before CUMMINGS, CUDAHY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Terri Bragg appeals from summary judgment in favor of Navistar International Transportation Corporation ("Navistar") on her claims brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 621 et seq.[1] We now affirm.

## I. BACKGROUND

Terri Bragg, an African–American woman, began working at Navistar on January 2, 1991, as an entry-level Engineer, Specification Compiler II, Grade Level 8. She transferred departments and changed job titles several times before becoming an Engineer Drafter I, Grade Level 8 in 1994. During her employment at Navistar, Bragg complained that she was not being promoted. Bragg claims that at some point during her employment, unbeknownst to her, she was subjected to a performance demonstration to evaluate whether she deserved a promotion. Bragg was not given a promotion after her performance demonstration. At least one other person in her department, an African–American man, was subjected to a similar performance demonstration.

In 1995, Bragg and three white men in her department were given a formal "performance test" after complaining to their union about not getting promotions. Because she was the most senior of the four complaining employees, Navistar tested Bragg first, and told her that if she passed, she would be promoted. She failed the test. The three white men were then tested together and all three passed the test. The most senior of

---

[1] The district court also granted Navistar's motion for summary judgment on Bragg's state law claim for intentional infliction of emotional distress. Because Bragg has failed to address this issue in her appeal, she has waived that claim. *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir.1998).

the three was promoted immediately. The other two men were eventually promoted, one was promoted a year later and the other was promoted sixth months after that.

In 1996, Bragg began having attendance problems at work. The record indicates that she was suffering from depression. Her union contract required her to provide Navistar with documentation regarding her absences. On March 15, 1996, after being absent from work for over five days, Navistar instructed Bragg to bring documentation of her absence by 4:00 p.m. that day. When she did not, Navistar sent Bragg a letter of termination. Subsequently, Bragg brought in the required paperwork and Navistar reinstated her by a letter dated March 27, 1996. Bragg claims that when she returned to work, she found that everyone in her area had been promoted except for her and that her belongings had been confiscated.

From March 25 to April 8, 1996, Bragg was again absent from work. She promised to bring the required documentation for those absences to Navistar by April 4, 1996. When she did not, Navistar once again terminated her, this time by a letter dated April 8. On April 23, 1996, Bragg's doctor sent a letter to Navistar and Bragg was again reinstated. The reinstatement letter stated that she was to return to work on May 15, 1996, and that if her disability prevented her from returning to work by that date it was her responsibility to notify Navistar. Bragg eventually obtained documentation to extend her absence from work until May 24, 1996, but she never gave this paperwork to Navistar because, by then, she claims she had decided not to return to work. However, Bragg never notified Navistar of her intention not to return. Navistar fired Bragg by a letter dated June 3, 1996.

## II. ANALYSIS

### A. Standard of Review

■ This court reviews a grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Salima v. Scherwood South, Inc.*, 38 F.3d 929, 931 (7th Cir.1994).

### B. Disparate Treatment

■ Bragg first claims that the district court erred when it found that she had failed to establish a prima facie case of disparate treatment. Disparate treatment "occurs when a plaintiff is intentionally treated less favorably than others simply because of his race, color, religion, sex or national origin." *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 513 (7th Cir.1996). Under the burden-shifting formula of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII plaintiff must first establish a prima facie case of race or sex discrimination by proving that she: (1) was a member of a protected class; (2) was qualified for the job in question or was meeting her employer's legitimate performance expectations; (3) suffered an adverse employment action; and (4) the employer treated similarly situated persons not in the protected class more favorably. *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir.1995). We find that Bragg did not meet this test because she has failed to allege facts sufficient to prove an adverse employment action.

■ Bragg points to the performance demonstration and the performance exam as evidence that she suffered adverse actions from Navistar. As to the performance demonstration, Bragg argues that only one other person, an African–American, was subjected to it. The evidence she presents to support this claim is the deposition testimony of Joe Hansen, the Director of Human Resources, who stated that he tested "other people" and specifically remembered the name of an African–American man who was similarly treated. However, Hansen did not testify that this African–American man was the only other person subjected to the performance demonstration. In any event, Bragg has not provided any facts to show that this performance demonstration, in and of itself, was an adverse employment action rising to the level of those listed in *Taylor*, 69 F.3d at 779 (a

plaintiff must show that "he was discharged, not hired, not promoted, etc.").

As to the second incident, the performance exam, Bragg argues that she suffered disparate treatment because she was tested under different conditions than her white male colleagues. She claims that this allegation is enough to state a prima facie claim of disparate treatment. We disagree. Bragg has not provided any evidence showing that the specific testing conditions were different, other than the fact that Bragg was tested first and alone, while the white men were then tested together.[2] Bragg has also failed to provide evidence that the white men took an easier test. She provides only conclusory statements that the testing conditions were less favorable to her. Based on the evidence presented, Bragg did not persuade the district court that she was tested under less favorable conditions than the white men. Because Bragg has not affirmatively demonstrated that a genuine issue of fact exists on this issue, we will not disturb the district court's decision.

## C. Failure to Promote

Bragg also challenges the district court's finding that she did not establish a prima facie case of failure to promote. To establish a prima facie claim of failure to promote Bragg had the burden of showing that: (1) she applied for a promotion; (2) she was entitled to the promotion; and (3) the individual promoted had the same or lesser qualifications. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817.

Navistar argues, and Bragg does not dispute, that the only time Bragg actually applied for a promotion was when she and the three white men filed their grievance. The district court found that Bragg failed to establish a prima facie case of failure to promote because she failed to show both that she was entitled to the promotion and that the individual promoted ahead of her had the same or lesser qualifications. The evidence shows that Bragg failed the performance exam. Moreover, the record shows that all three white men, including the one who was promoted in place of Bragg, passed. Bragg argues that the performance exam does not show that she was less qualified than her male colleagues because she claims she was given a harder test under different testing conditions than the men. As we stated above, Bragg has failed to support with any evidence the assertion that her test was harder than the test administered to the white men. Therefore, Bragg has not proven that she was entitled to a promotion, nor has she proven that the man promoted instead of her was equally or less qualified. We find that the district court did not err when it determined that Bragg did not present a prima facie case of failure to promote.

## D. Constructive Discharge

Bragg next argues that her working conditions at Navistar were so intolerable that she could not return to work. Through constructive discharge, "a plaintiff who is forced out by discriminatory conduct may bring a successful Title VII claim even though the plaintiff was never officially dismissed by the defendant." *Vitug*, 88 F.3d at 516. To show constructive discharge, a plaintiff must establish that: (1) the conditions at work were so intolerable that a reasonable person would have been compelled to resign; and (2) the working conditions must be intolerable in a discriminatory way. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 705 (7th Cir.1993).

Bragg's claim of constructive discharge in this case is odd because she *was* officially dismissed by the defendant. The parties are in agreement that Navistar terminated Bragg. Constructive discharge exists to give Title VII protection to a plaintiff who decides to quit rather than wait around to be fired. Bragg does not need to rely on this legal construct because she was fired. Therefore, the district court properly found that Bragg failed to present a triable claim for constructive discharge.

**2.** Navistar acknowledges that it tested Bragg by herself and then tested the three men together. However, Navistar claims it planned to test only Bragg because it planned to give her a pro-

motion. Navistar was surprised when Bragg failed the test, and only then did Navistar proceed to test the white men.

### E. Retaliation

■ Bragg also challenges the district court's finding that she did not present a prima facie claim for retaliation. To establish a prima facie claim of retaliation, Bragg was required to show that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there is a causal link between the protected expression and the adverse action. *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1313 (7th Cir.1989).

■ Here, Bragg argues that her protected activity was her complaint to a Human Resource Manager about her lack of promotion and the grievance she filed for the same reason. She claims that the adverse reactions by her employer were an evaluation of her skills by her supervisor and a performance test. As explained above, Bragg has failed to present any evidence supporting her contention that the performance exam was an adverse employment action. Moreover, a supervisor's assessment of an employee's skills is not an adverse employment action. Finally, Bragg states in conclusory fashion that "there is sufficient evidence in the record to establish a causal link between the first incident of testing and retaliatory conduct by Navistar," yet she fails to indicate what exactly that evidence is. Because Bragg has failed to state a causal link between her protected conduct and an adverse employment action by Navistar, we find that the district court did not err in disposing of this claim on summary judgment.

### F. Equal Pay Act

■ Bragg further challenges the district court's judgment in favor of Navistar on her Equal Pay Act claim. The Equal Pay Act prohibits sex-based wage discrimination. 29 U.S.C. § 206(d)(1). To establish a prima facie violation under the Equal Pay Act, the plaintiff must show: (1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort and responsibility; and (3) that the employees have similar working conditions. *Dey v. Colt Construction & Development Co.*, 28 F.3d 1446, 1461 (7th Cir.1994). The district court found that

Bragg had failed to provide any evidence concerning the wages paid to other employees, and, therefore, granted Navistar's motion on this issue. On appeal, Bragg argues that the district court erred because promotions are considered pay under the Equal Pay Act, and that she presented evidence that she did not receive promotions equal to those received by her male colleagues. The fact remains that Bragg has failed to provide any evidence of the payment received by a white male performing her job. Additionally, as discussed above, Bragg has failed to present evidence that men doing work of equal skill, effort and responsibility received promotions when she did not. The only evidence she presented relating to promotions given to white men is the evidence of a white man being promoted after he passed a performance exam that Bragg failed. Bragg did not provide any evidence of the skill, effort or responsibility of the work performed by white men in her job area. The district court correctly concluded that Bragg failed to present evidence to support a violation of the Equal Pay Act.

### III. CONCLUSION

For the reasons stated herein, the district court correctly disposed of Bragg's claims on summary judgment. Therefore, that judgment is AFFIRMED.