**James R. SHERMER, Plaintiff–Appellant,**

v.

**ILLINOIS DEPARTMENT OF TRANSPORTATION, Defendant–Appellee.**

No. 96–3427.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1999.

Decided March 19, 1999.

James P. Baker (argued), Springfield, IL, for Plaintiff–Appellant.

Erik G. Light (argued), Office of Attorney General, Cacilia R. Masover, Office of Attorney General, Civil Appeals Division, Chicago, IL, for Defendant–Appellee.

Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

James Shermer appeals from summary judgment in favor of his employer, the Illinois Department of Transportation ("IDOT"), on his claim of sexual harassment brought under Title VII of the Civil Rights Act, 42 U.S.C. § 701 et seq. ("Title VII"). We now affirm.

## I. BACKGROUND

In 1993, James Shermer worked for IDOT as a building tradesman in the agency's administrative building. From May through August 1993, Shermer was supervised by John Trees, a plant maintenance engineer who had worked at IDOT since 1990. Trees supervised all stationary engineers and building tradesmen assigned to the administrative building. All of these engineers and tradesmen were male.

Shermer claims that between May and August 1993, Trees repeatedly made sexually offensive remarks about Shermer in his presence and in the presence of other employees. These alleged remarks generally related to Shermer engaging in sexual acts with men. The record contains no evidence elaborating on the nature, frequency or severity of these remarks.

In 1995, Shermer filed suit against IDOT under Title VII, claiming that Trees' conduct created a hostile work environment. In June 1996, IDOT moved for summary judgment. Although the district court initially denied the motion, it granted IDOT's motion to reconsider. The district court then granted IDOT's motion for summary judgment, holding that Shermer failed to present any evidence that he was discriminated against because he was a man. Shermer appealed that decision in 1997, but his appeal was put on hold pending the outcome of the Supreme Court's decision in *Oncale v. Sundowner Offshore*

*Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). In May 1998, the Supreme Court held in *Oncale* that work place sexual harassment could violate Title VII if both the perpetrator and victim were of the same gender. *Id.*

On appeal, Shermer argues that the district court erred in finding that he was not discriminated against "because of sex." He asserts that the *Oncale* decision suggests a flexibility in the ways in which a plaintiff can prove that harassment was "because of sex" within the meaning of Title VII. Because we find that Shermer has failed to present any evidence concerning the alleged harassment, we affirm the district court's decision.

## II. ANALYSIS

### A. Standard of Review.

This court reviews a grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Bragg v. Navistar International Transportation Corp.*, 164 F.3d 373, 376 (7th Cir.1998); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir.1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bragg*, 164 F.3d at 376; *Salima v. Scherwood South, Inc.*, 38 F.3d 929, 931 (7th Cir.1994). It is well-settled, however, that the non-moving party may not rest only upon the allegations set forth in the pleadings, but must come forward with specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Weicherding v. Riegel*, 160 F.3d 1139, 1142 (7th Cir.1998).

### B. Whether there was harassment "because of sex."

■ The Supreme Court's decision in *Oncale* makes clear that Title VII prohibits same gender sexual harassment if the plaintiff is discriminated against because of

his or her sex. *Oncale*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201. The district court recognized that male/male sexual harassment is prohibited, but held that in this case there was no evidence that Trees harassed Shermer because of his gender, and thus the discrimination was not "because of sex" within the meaning of Title VII. Therefore, the key issue here is whether Trees harassed Shermer for this reason.

Title VII makes it unlawful for an employer

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a)(1). Shermer raises two arguments to persuade us that Trees harassed him because of sex. Both arguments ultimately fail because Shermer has presented absolutely no evidence from which a reasonable trier of fact could conclude that Shermer was harassed because of sex.

Shermer's first argument is that the *Oncale* decision suggests a flexibility in the methods of proving that harassment was "because of ... sex." It is true that in remanding *Oncale*, the Court stated that a plaintiff need not show that the harassment was based on sexual desire in order to be harassment because of sex. *Oncale*, 523 U.S. at ——, 118 S.Ct. at 1002 (1998). However, the Court made clear that

> Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted "discrimina[tion] because of sex."

*Id.* (citation omitted).

Shermer does not argue that Trees' alleged comments were motivated by Shermer's status as a man. Rather, Shermer argues that he endured discrimi-

nation "because of" his gender within the meaning of Title VII in the sense that Trees' comments about him engaging in sex acts with other men were offensive to him because of his gender. Shermer would like the "because of sex" inquiry to focus on the impact of the harassment on the victim because of the victim's gender. He argues that if conduct is particularly offensive because of the victim's gender, then it is discrimination because of sex.

It is unnecessary for us to determine here whether this is a plausible argument under Title VII, because even if it were, the fatal problem with Shermer's case is that he has produced no evidence other than the allegations in his complaint; allegations so completely lacking in detail that they tell us nothing about the incidents of harassment or Trees' alleged motivation in making the offensive comments. For instance, the complaint alleges that Trees made comments about Shermer engaging in sexual acts with other men, but it fails to allege any specifics regarding the substance of those comments, the context in which they were made or why Trees made them. Moreover, Shermer has failed to supplement his complaint with any additional evidence from which we can discern Trees' motivation, clearly violating the rule that a non-moving party may not rely solely on the allegations in his complaint to defeat summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Weicherding v. Riegel*, 160 F.3d 1139, 1142 (7th Cir.1998). Given this evidentiary failure, the district court was correct when it determined that Shermer did not present evidence that Trees harassed him because of his gender.

Shermer's second argument, that same-gender sexual harassment is "because of sex" when it is based on sexual stereotyping, is similarly doomed to fail on this record. According to this theory, Trees' conduct violated Title VII to the extent that it was based on a belief that Shermer's personal characteristics and mannerisms did not fit within Trees' stereotypical view of a male tradesman. Again, it is unnecessary to consider the merits of this argument because even if we were to conclude that harassment based on sexual stereotyping is "because of sex," we cannot apply this theory to Shermer's case for two reasons. First, Shermer neither raised this sexual stereotyping argument in the proceedings below, nor did he raise this theory in his complaint. Second, the record contains no evidence regarding Shermer's physical appearance or mannerisms, Trees' perceptions of Shermer's appearance and/or mannerisms or Trees' idea of a stereotypical male. Based on this record, it is impossible to discern Trees' motivation in making the harassing remarks.

## III. CONCLUSION

For the reasons stated herein, the judgment of the district court is AFFIRMED.