Peter A. WEISS, Plaintiff,

v.

**CAMPAGNA TURANO BAKERIES, INC., Defendant.**

No. 98 C 6373.

United States District Court,
N.D. Illinois,
Eastern Division.

July 7, 1999.

Herbert H. Victor, Karrie H. Victor, Chiacgo, IL, Margaret Megan O'Malley, Attorney at Law, Chicago, IL, for Plaintiff.

Julian D. Schreiber, Borovsky & Ehrlich, Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Peter Weiss filed this lawsuit against Campagna Turano Bakeries claiming that it first demoted and then constructively discharged him because of his age and religion, in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and the ADEA, 29 U.S.C. § 621 *et seq.* Campagna now seeks partial summary judgment on the grounds that Weiss' complaint exceeds the scope of his EEOC charge and fails to state a claim for constructive discharge. (R. 19–1.) We grant Campagna's motion for partial summary judgment and dismiss Weiss' constructive discharge claim because Weiss failed to present that claim to the EEOC.

## I. Procedural History

On May 18, 1998, Weiss, a driver for Campagna, filed a charge with the EEOC. (Campagna's 12M Statement Ex. A, Weiss' EEOC Charge of Discrimination.) The charge reports that Weiss, who is Jewish,

was denied leave for a "Jewish high holiday in October 1997," and later was removed from his regular route by a supervisor, Sam Blasi, who told Weiss that he (Weiss) was too old. According to the charge, Blasi assigned Weiss to drive "Special Routes" at a significantly lower rate of pay. The charge concludes, "Claimant suffered a substantial demotion because of his religion and because of his age." In a box labeled *Date Discrimination Took Place,* Weiss stated that the latest act of discrimination occurred on February 1, 1998. After receiving a right-to-sue letter, Weiss filed this lawsuit.

In his second amended complaint, (R. 12–1), Weiss presents two basic claims for relief. First, in a manner fully consistent with the EEOC charge, Weiss maintains that Campagna unlawfully demoted him because of his age and religion. Campagna's motion challenges Weiss' second claim: that Campagna constructively discharged him because of his age and religion.

The factual allegations underlying Weiss' constructive discharge claim are contained in paragraphs 26 through 34 of the second amended complaint. Essentially, Weiss claims that he was assigned to the "Special Routes" on February 1, 1998, that after his reassignment he repeatedly requested a regular route, and that he told an unidentified district manager that he would be forced to quit unless he got a regular route. Weiss was not given a regular route and therefore, according to Weiss, Campagna constructively discharged him on May 1, 1998.

Now Campagna seeks summary judgment arguing that Weiss' constructive discharge claim exceeds the scope of his EEOC charge and, alternatively, fails to state a claim for relief.

## II. Analysis

■ The Court's careful review of the relevant pleadings establishes that Weiss failed to state a claim for constructive discharge. Nowhere in his complaint or response to Campagna's summary judgment motion does Weiss allege facts that, if proven, would establish working conditions so intolerable "that a reasonable person would have been compelled to resign." *Bragg v. Navistar Int'l Transp. Corp.,* 164 F.3d 373, 377 (7th Cir.1998); *see also Sweeney v. West,* 149 F.3d 550, 558 (7th Cir.1998) ("[A] constructive discharge claim requires evidence that quitting was the only way the plaintiff could extricate herself from the intolerable conditions."). Generally, "a complaining employee is expected to remain on the job while seeking redress." *Sweeney,* 149 F.3d at 558 (quotation omitted). Weiss' allegations—while certainly distressing and, if true, illegal—do not describe the sort of repulsive or atrocious conditions that would compel resignation.

Be that as it may, Weiss' constructive discharge claim suffers a more basic infirmity: he failed to explicitly include it in his EEOC charge. *See Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994) ("[A] Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge."); 29 U.S.C. § 626(d) (incorporating EEOC charge requirement to ADEA civil actions). For this reason, Campagna asserts the right to summary judgment on Weiss' constructive discharge claim.

■ But an EEOC claimant need not set forth "each and every fact that combines to form the basis of each claim in [his federal] complaint." *Cheek,* 31 F.3d at 500. Instead, the claimant must show a "reasonable relationship between the allegations in the [EEOC] charge and the claims in the complaint." *Id.* Thus, the claims in Weiss' federal lawsuit must be "like or reasonably related" to those set forth in his EEOC charge such that his federal claims "reasonably could have developed from the EEOC's investigation of the charges before it." *Oates v. Discovery Zone,* 116 F.3d 1161, 1168 n. 7 (7th Cir. 1997). The EEOC charge rule serves two

 

purposes: it provides notice to the employer of the charges against it, and gives the EEOC an opportunity to resolve the dispute extra-judicially. *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir.1995).

■ Weiss' constructive discharge claim does not satisfy the controlling standards. Weiss' EEOC charge focuses entirely on his demotion from a regular route driver to a special route driver, even though he filed the charge less than three weeks after he quit. In fact, there is nothing in the charge indicating that Weiss was no longer employed by Campagna. Weiss did not disclose his repeated efforts between February and May 1998 to secure a regular route, nor his threat to quit unless he received a regular route, but instead affirmatively represented that the latest date on which he was discriminated against was February 1, 1998—long before he left Campagna. Having failed to alert the EEOC that he allegedly had been forced out of Campagna because of his age and religion, and that he considered events subsequent to February 1 as discriminatorily motivated, Weiss' charge neither put Campagna on notice of his complaints regarding the way he left its employ nor allowed the EEOC the opportunity to mediate that claim.[1]

Weiss now argues that he should be excused from the EEOC charge rule because he is not a lawyer. The standards, however, already take into account the non-lawyer status of most EEOC claimants. *See, e.g., McKenzie*, 92 F.3d at 482 (recognizing that the standards used to evaluate whether a claimant properly presented a claim to the EEOC are informed by the reality that most EEOC charges are completed by laypersons); *Cheek*, 31 F.3d at 500 (same). Weiss simply ad-

vances no reason that would excuse his failure to claim in his EEOC charge that he lost his job because of the alleged discrimination. Weiss could have done this in plain English. Because he did not, the Court has no choice but to bar his attorney from improperly asserting this belated theory of recovery.

### III. Conclusion

We grant Campagna's motion for partial summary judgment. Weiss' constructive discharge claim is dismissed with prejudice because he failed to present that claim to the EEOC in his discrimination charge.

---

1. Campagna also argues that the person named in Weiss' EEOC charge, Sam Blasi, was responsible for Weiss' demotion, but was not responsible for the decision to withhold a regular route from Weiss. Campagna concludes, therefore, that the charge and the complaint cannot be related. *See Harper*, 45 F.3d at 148 ("[T]he EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*") (emphasis in original) (quotation omitted). But Campagna's argument regards a factual issue inappropriate for resolution at this stage of the litigation—we have no idea who decided whether Weiss got a regular route, and why they decided he wouldn't.