**Gwendolyn B. POOLE, Plaintiff–Appellant,**

v.

**UNITED STATES GENERAL ACCOUNTING OFFICE, Defendant–Appellee.**

**No. 00–2400.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 21, 2000.\*

Decided Jan. 4, 2001.

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. BAUER, Hon. KANNE, and Hon. EVANS, Circuit Judges.

ORDER

Gwendolyn Poole brought suit alleging that her former employer, the United States General Accounting Office, terminated her because of her gender and age and in retaliation for filing complaints of discrimination. The district court granted summary judgment for GAO. In applying the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court determined that Poole had established a prima facie case but could not prove that GAO's explanation that she was terminated because of poor performance was pretextual. Poole appeals, and we affirm.

Poole worked for GAO in various finance and management positions for over 16 years. In 1995 she began receiving lower-than-normal performance ratings. GAO transferred her to a different division and gave her a 90–day opportunity to improve her performance. Poole filed formal complaints with the GAO's Office of Civil Rights alleging a discriminatory and abusive work environment. In January 1998 GAO terminated Poole, who was 55. She then filed suit seeking monetary damages for gender discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

In challenging the grant of summary judgment, Poole first argues that the district court erred in accepting as admitted the facts set forth by GAO. Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file a response to the movant's statement of facts, including specific answers for each numbered paragraph in the movant's statement. *See*

N.D. Ill. Local Rule 56.1(b)(3)(A). Additionally, the nonmovant must submit an opposing statement of facts, referencing any affidavits, parts of the record, or other relevant materials. *See* N.D. Ill. Local Rule 56.1(b)(3)(B). Any facts in the movant's statement that are not specifically denied will be deemed admitted in considering the motion for summary judgment. *See id.; see also Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 526–527 (7th Cir.2000). Because of the importance of this rule, we have consistently upheld a district court's discretion to strictly enforce it, and we will review only for abuse of discretion. *Bordelon,* 233 F.3d at 526–527.

■ Poole asserts that the documents attached to her complaint were sufficient to meet her Rule 56.1(b) obligation to refer to affidavits, parts of the record, or other relevant materials. *See* N.D. Ill. Local Rule 56.1(b)(3)(B). She failed, however, to cite to specific parts of the record that would support her assertions or contradict the facts set forth by GAO. As such, she did not "come forward with specific facts sufficient to raise a genuine issue for trial." *Shermer v. Illinois Dep't of Transp.,* 171 F.3d 475, 477 (7th Cir.1999) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Further, in the *Timms* notice that GAO provided Poole, GAO specifically noted that she was required to file a Rule 56.1(b) statement and provided her with a copy of the local rules. Poole's pro se status does not relieve her of the burdens of a court's procedural requirements, *see Members v. Paige,* 140 F.3d 699, 702 (7th Cir.1998), and the district court did not abuse its discretion in finding that she had not met the requirements of Rule 56.1(b).

■ Additionally, Poole challenges the merits of the summary judgment, a task made substantially more difficult by her failure to dispute GAO's statement of material facts. Poole apparently argues that she should have survived summary judgment because she established a prima facie case of discrimination. GAO, however, explained that Poole was terminated due to poor performance, a legitimate reason that placed upon Poole the burden of proving pretext. She offered no evidence before the district court to establish a genuine issue of fact as to whether GAO's reason for firing her was pretextual, and so summary judgment was properly granted.

■ Poole also complains that she never received a minute order confirming that discovery was closed. We have difficulty understanding Poole's point because the minute order simply memorialized what the district court had said at a status hearing that Poole presumably attended. Regardless, Poole never requested a continuance pursuant to Federal Rule of Civil Procedure 56(f) once she received GAO's motion for summary judgment, so we could not conclude that the district court abused its discretion in ruling immediately. *See Wallace v. Tilley,* 41 F.3d 296, 303 (7th Cir.1994). Additionally, in the absence of "actual and substantial prejudice to the complaining litigant," the district court's decision will not be disturbed. *Searls v. Glasser,* 64 F.3d 1061, 1068 (1995). Poole does not describe any prejudice resulting from the district court's alleged failure to notify her when discovery ended.

Finally, Poole challenges an order entered before the grant of summary judgment, in which the district court initially dismissed Poole's gender and age discrimination claims without prejudice. Her argument, however, is misplaced. The district court provided 30 days for Poole to amend her complaint, and she did so successfully. Ultimately, then, the disposition or her case was based entirely on the

grant of summary judgment and not on the earlier dismissal of the complaint.

Accordingly, we AFFIRM the grant of summary judgment in favor of GAO.