**Paul Eugene MILLER aka Pisko–Kalupah, Plaintiff,**

v.

**Daniel McBRIDE, Supt. of WCC–WCF, Susan Tappan, Unit Team of WCC–WCF, and Tom Ludwig, DOC Guard–Officer, Defendants.**

No. 3:99CV0556 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 6, 2001.

Paul Eugene Miller, pro se, SR–Indiana–30, Pendleton Correctional Facility, Pendleton, IN, for Plaintiff.

David A. Arthur, Indiana Attorney General, Indiana Government Center South, Indianapolis, IN, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This case commenced with the filing of a *pro se* complaint by Paul Eugene Miller, a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this complaint, he was incarcerated in the Pendleton Correctional Facility in Pendleton, Indiana, which is within the territorial area of the United States District Court for the Southern District of Indiana, not this district. This Court takes note of the proceedings in this case since the filing date of September 27, 1999, consisting of, at present, 74 items.

The claims here purport to be under 42 U.S.C. § 1983, and invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331, and § 1343(3). There is no question that the actions of these defendants were so-called "state action" under *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Previous rulings of this Court are reaffirmed. On July 11, 2001, the remaining defendants, McBride, Tappan and Ludwig filed for summary judgment under Rule 56, Federal Rules of Civil Procedure.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Bragg v. Navistar Int'l Trans. Corp.,* 164 F.3d 373 (7th Cir.1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.,* 137 F.3d 497 (7th Cir.1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel,* 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918 (7th Cir.1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.,* 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560 (7th Cir.1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson,* 477 U.S. at 252–55, 106 S.Ct. 2505. Applying the above standard, this Court addresses defendants' motion. There was compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). The motion is ripe for ruling.

On September 23, 1997, this plaintiff was incarcerated in the Westville Correctional Facility (WCF) in Westville, Indiana in this district. This case is basically dispute over a missing book, and an argument that ensued between this plaintiff and another offender. None of these three defendants were present at this inter-inmate altercation. This is not a claim for deliberate indifference or failure of delivery of appropriate medical care under *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). If it is anything, it is something about classification and assignment, and that generally is a hard one to make under the Eighth Amendment of the Constitution of the United States.

Long ago, this Court dealt with the subject of inter-inmate violence in *Love v. Duckworth,* 554 F.Supp. 1067 (N.D.Ind. 1983), *aff'd by unpublished order* on the basis of *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). *See also Goka v. Bobbitt,* 862 F.2d 646 (7th Cir. 1988).

This particular housing unit is a protective custody unit. Susan Tappan was a Case Manager and Tom Ludwig was a Correctional Officer who is alleged to have been absent when the incident referred to occurred. McBride was the Superintendent of the WCF at the time. Note needs to be taken of *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See also Rascon v. Hardiman,* 803 F.2d 269 (7th Cir.1986), and *Adams v. Pate,* 445 F.2d 105 (7th Cir.1971). This plaintiff has failed to get over these hurdles as to each defendant.

■ The 37 factual assertions made in the Memorandum filed by the Attorney General of Indiana on July 11, 2001 appear to be without basic dispute. This petitioner was seriously injured in this inter-inmate squabble. He was soon thereafter moved out of protective custody, and there certainly was not personal involvement by Superintendent McBride. Neither is there any deliberate indifference with reference to any of the three remaining defendants, to the extent that that has anything to do with this case. The petitioner was transferred without a hearing and there is certainly no constitutional right to a hearing on transfer.

■ Classification matters should be left to prison authorities unless there are clear constitutional violations involved. *See Meriwether v. Faulkner,* 821 F.2d 408 (7th Cir.), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). *See also Smith v. Shettle,* 946 F.2d 1250 (7th Cir. 1991), and *Kincaid v. Duckworth,* 689 F.2d 702 (7th Cir.1982), *cert. denied,* 461 U.S. 946, 103 S.Ct. 2126, 77 L.Ed.2d 1305 (1983).

There is some effort to drag in an earlier issue about DNA sampling, but such is irrelevant to the controversy here and the claims made by this plaintiff here. The work assignments of the defendants Tappan and Ludwig certainly do not create the necessary liability. This Court has examined the deposition of Paul Eugene Miller, or at least excerpts from it that have been placed before the Court, and it is noted that a cross motion for summary judgment has been filed by the plaintiff. The plaintiff's cross motion for summary judgment is **DENIED.** The defendants' summary judgment motion is **GRANTED.** The Clerk shall enter judgment in favor of the defendants and against the plaintiff. Each party will bear its own costs. **IT IS SO ORDERED.**