**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 19, 2006*
Decided June 22, 2006

Before

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

| | |
|---|---|
| No. 05-3030 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| MAURICE L. KING, SR., *Plaintiff-Appellant*, | |
| *v.* | No. 2:03-CV-126-PRC |
| ALBERTO R. GONZALES, Attorney General of the United States, *Defendant-Appellee*. | Paul R. Cherry, *Magistrate Judge*. |

## Order

Maurice King contends that his former employer, the Drug Enforcement Agency violated Title VII of the Civil Rights Act of 1964 by discriminating against him because of his race and retaliating after he complained about the discrimination. Both parties consented to decision by a magistrate judge, who granted summary judgment against King.

King worked as a Special Agent of the DEA in Indiana between 1991 and 2002. In January 2000 King's supervisor rated his performance as "significantly exceeds," one level below the highest rating of "outstanding." King, who is black, filed a

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

charge of race discrimination after discovering that a white agent had received an "outstanding" rating. The district court concluded, however, that performance ratings are not actionable under Title VII because they're not adverse employment actions unless they result in some tangible loss, such as a reduction in salary or opportunity for promotion. See, e.g., *Whittaker v. Northern Illinois University*, 424 F.3d 640, 648 (7th Cir. 2005); *Oset v. Illinois Department of Corrections*, 240 F.3d 605, 613 (7th Cir. 2001); *Bragg v. Navistar International Transportation Corp.*, 164 F.3d 373, 378 (7th Cir. 1998). King does not contend that he suffered any concrete loss and did not provide any evidence in support of his contention that the evaluation portended any future injury.

Although this charge of discrimination borders on the frivolous, it is the basis of King's next contention—that the DEA retaliated against him for making the complaint. He was fired in 2002 after the agency concluded that he had become mentally unstable and required treatment, which King refused to undergo. That position is a pretext, King insists; the real reason was to retaliate for his charge of discrimination. The district court concluded, however, that King had not exhausted his administrative remedies. His charge of discrimination filed with the EEOC did not mention retaliation, and although he could have added to that charge he needed to initiate the process within the agency by contacting an EEO counselor within 45 days of any supposedly retaliatory act. 29 C.F.R. §1614.105(a)(1). The magistrate judge concluded that King had missed this deadline—and that even if his delay were to be excused, the contention would fail because he never amended his charge with the EEOC or filed a new charge concerning the termination of his employment. We substantially agree with the magistrate judge's analysis of this issue; it is unnecessary to say more. (King's argument that a retaliation claim was within the scope of his original charge is unsound, because the charge predates and is the supposed cause of the retaliation, but at all events is forfeited because it was not presented to the district court.)

AFFIRMED