# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-2429

DESIGNER DIRECT, INCORPORATED, doing
business as LEVIN ASSOCIATES ARCHITECTS,

*Plaintiff-Appellee*,

v.

DEFOREST REDEVELOPMENT AUTHORITY,

*Defendant-Counter Plaintiff-Appellant*,

v.

KERRY LEVIN,

*Counter Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 01 C 40—**John C. Shabaz**, *Judge.*

_____

ARGUED FEBRUARY 20, 2004—DECIDED MAY 14, 2004

_____

Before FLAUM, *Chief Judge*, and BAUER and MANION,
*Circuit Judges*.

BAUER, *Circuit Judge*.  The facts of this controversy,
based on diversity jurisdiction, were recited in our earlier
opinion, *Designer Direct, Inc. v. Deforest Redevelopment*

*Authority*, 313 F.3d 1036 (7th Cir. 2002), and so only those facts relevant to the issue at hand will be discussed here. In that opinion we reversed the trial court's refusal to award reliance damages to Plaintiff. *Id.* at 1047-50. On remand, the trial court calculated reliance damages by using the hourly rates agreed to in the Phase I contract—based on an arm's-length negotiation. That rate was then multiplied by the number of hours Plaintiff invested in Phase III of the redevelopment contract—the phase at issue here. Finally, the judge reduced the calculated figure by ten percent to account for the profits and "inevitable unrecoverable time" due to Plaintiff's employee's mistakes and the like. The award amounted to $444,927. Defendant, Deforest Redevelopment Authority (DRA), appealed.

Under applicable Wisconsin law, damages are a finding of fact. *Kolbe & Kolbe, Millwork Co.*, 476 N.W.2d 305 (Wis. Ct. App. 1991). Therefore, we review the determination of damages for clear error. *Designer Direct*, 313 F.3d at 1047-48 (*citing CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 994-95 (7th Cir. 2002)).

"Remedies for injury to a reliance interest are defined as 'being reimbursed for loss caused by reliance on the contract by being put in as good a position as [the plaintiff] would have been in had the contract not been made.'" *Reimer v. Badger Wholesale Co.*, 433 N.W.2d 592, 594 (Wis. Ct. App. 1998) (*quoting* RESTATEMENT (SECOND) OF CONTRACTS § 344 (1981)). Such damages are usually construed to include out-of-pocket expenditures incurred in preparation or performance of the contract. RESTATEMENT (SECOND) OF CONTRACTS § 349 (1981). A plaintiff may also seek reliance damages under a theory of lost opportunity. RESTATEMENT (SECOND) OF CONTRACTS § 344 cmt. a. (1981). Damages must be proven with reasonable certainty. *Pleasure Time, Inc. v. Kuss*, 254 N.W.2d 463, 470 (Wis. 1977).

First, it should be noted that Plaintiff did not prove the existence of a lost opportunity. While Designer Direct did

show that there was some interest from other potential clients, it failed to name them or show that it was likely that a contract would have been entered into but for Designer Direct's contract with the DRA. Therefore, recoverable damages are limited to those losses actually caused by Plaintiff's reliance on the Phase III redevelopment plan.

Defendant argues that the reliance damages awarded to Plaintiff cannot be sustained. Its main complaint, beyond the argument that Plaintiff did not prove lost opportunity, is that Plaintiff did not show actual out-of-pocket expenses. While the argument has some merit, it misses the mark. Plaintiff rightly contends that there is more than one way to skin a cat. It argues that adding up all of the expenses paid in reliance upon the Phase III redevelopment plan should produce the same figure as subtracting the profits from the hourly-pay-rate-figure. Unfortunately, that method of calculation, at least upon the facts of this case, fails to satisfy the requirement of reasonable certainty of damages.

Under *Autotrol Corp. v. Continental Water Sys. Corp.*, 918 F.2d 689, 692-94 (7th Cir. 1990), overhead expenses are recoverable as reliance damages. This is true provided that the plaintiff seeking to recover can show that those expenses were properly allocated to the breached contract, *Cyberchron Corp. v. Calldata Sys. Development, Inc.*, 47 F.3d 39, 46 (2d Cir. 1995), and that they would have probably obtained those overhead expenses on other projects, *Autotrol Corp.*, 918 F.2d at 693. Plaintiff failed to satisfy the former.

While it appears as though most of the work being performed by Plaintiff was directly related to the redevelopment project, other work was being done in both the Wisconsin field office and the main office in Des Plaines, Illinois. Plaintiff cannot recover that portion of overhead

costs which is attributable to those other projects. To clarify, let us say, hypothetically, that an employee of Designer Direct spent 80% of his working hours on the redevelopment project. That would mean that 20% of his salary and benefits is not recoverable as damages. In other words, we simply do not know what percentage of the overall working hours were spent on Phase III of the DRA project and what percentage of time was spent on other projects. Without such information, we cannot determine the percentage of benefits, and other overhead expenses that should be allocated to the breached contract. Allowing Designer Direct to recover those overhead expenses not allocated to the breached contract would result in a windfall for Plaintiff.

We refuse to announce a rule forbidding Plaintiff's method of calculating damages. However, we suspect that plaintiffs seeking to use such a method will find themselves in the same quagmire as Plaintiff in this case. The fact is that Plaintiff's calculation is an estimated guess. While we *believe* that the properly calculated damages figure will be close to the figure previously announced, we do not *know*—and therein lies the problem.

We remand with instructions to recalculate the damages. We invite Plaintiff to supplement the record with concrete evidence of expenditures and the percentage of overhead costs which can be attributed to the Phase III redevelopment plan. As Judge Shabaz has already found that "[i]t is entirely reasonable to infer that had Plaintiff not invested its efforts in this project it would have gainfully applied the hours to another," the inquiry on remand should focus on determining those expenses which may be properly allocated to the breached contract.

REVERSED AND REMANDED WITH DIRECTIONS

No. 03-2429                                                         5

A true Copy:

    Teste:

                            _____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—5-14-04